**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  | : |  |
|---|---|---|
| SEAN WILLIAM MURPHY, | : |  |
|  | : | Civil No. 03-5887 (RBK) |
| Petitioner, | : |  |
|  | : |  |
| v. | : |  |
|  | : | OPINION |
| C. J. DEROSA, et al., | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES:**

    SEAN WILLIAM MURPHY, Petitioner pro se
    #32280-037
    F.C.I. Fort Dix
    P.O. Box 2000 East, Bldg. 5703
    Fort Dix, New Jersey 08640

**KUGLER, District Judge**

    This matter is before the Court on the petition of Sean William Murphy ("Murphy") for habeas corpus relief under 28 U.S.C. § 2241. The "petition" was initially filed with the Court on or about December 12, 2003. Murphy filed a motion to supplement or amend his "petition" on or about February 15, 2005. The Court has reviewed all documents submitted and, for reasons now discussed, will dismiss the petition and amended petition in their entirety.

BACKGROUND

Murphy is presently in custody at F.C.I. Fort Dix in Fort Dix, New Jersey, serving a 204 month sentence as imposed by the United States District Court for the Middle District of Pennsylvania. Murphy's projected release date is May 30, 2011.

In June 1996, Murphy was charged in a four count indictment for drug-related offenses. On November 4, 1996, pursuant to a plea agreement, Murphy pled guilty to count II of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 1, 1997, Murphy was sentenced to 204 months.

Murphy filed a direct appeal, which the United States Court of Appeals for the Third Circuit denied in an unpublished memorandum opinion. See United States v. Murphy, No. 97-7178 (3d Cir. Dec. 9, 1997). On December 9, 1998, Murphy filed a pro se motion under 28 U.S.C. § 2255, in the Middle District of Pennsylvania. The district court denied Murphy's § 2255 motion on February 16, 1999. The Third Circuit affirmed on appeal. See United States v. Murphy, No. 99-3316 (3d Cir. Nov. 24, 1999).

On or about December 12, 2003, Murphy filed this habeas petition under 28 U.S.C. § 2241. In his petition, Murphy challenges the Bureau of Prisons' ("BOP") scoring of his custody classification. He states that the BOP imposed the Greatest

Severity Public Safety Factor ("PSF") based on his current offense (conspiracy to distribute cocaine), the amount of crack cocaine involved (in excess of 1.5 kilograms) and the finding that Murphy was a leader of a drug conspiracy responsible for distributing 4.21 kilograms of crack cocaine.

Murphy argues that the information is inaccurate and contrary to the court's findings.  He claims that the Greatest Severity PSF adversely affects his custody classification, his prison designation, and his participation in prison programs.  He also seeks monetary damages and a correction in his PSF to make him eligible for prison camp designation.

On or about February 15, 2005, Murphy filed a motion to supplement/amend his petition.  He raises claims based on recent Supreme Court cases.  Specifically, Murphy challenges his enhanced sentence as unconstitutional under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004); <u>United States v. Booker</u>, 125 S.Ct. 738 (2005); and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000).  Murphy contends that the sentencing judge enhanced his sentence based on findings inconsistent with the charged offense.  The indictment allegedly charged Murphy with "conspiracy to distribute, and possess with the intent to distribute in excess of 5 kilograms of cocaine, a schedule II narcotic controlled substance."  Murphy argues that he understood the offense conduct to involve "powder" cocaine based on the

explanation provided to him by his defense counsel.  (Motion to Amend, at ¶¶ 3-4, pg. 5).  However, the judge determined, based on the lesser standard of preponderance of the evidence, that the offense involved at least 1.5 kilograms of crack cocaine, which unfairly exposed petitioner to an enhanced base offense under the United States Sentencing Guidelines ("U.S.S.G."), thereby increasing his federal sentencing range.

Next, Murphy argues that the district court sentenced petitioner based on "uncharged and unalleged elements/factors of the criminal offense conduct."  Specifically, the base offense level was determined pursuant to the court finding 1.5 kilograms of crack cocaine instead of cocaine powder, which would have had a lower base level.  Murphy asserts that these actions violated his Fifth Amendment right to due process and his Sixth Amendment right to notice and jury trial guarantees.

Murphy asserted similar claims under <u>Apprendi</u> in a motion for a sentencing adjustment under the U.S. Sentencing Guidelines, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  On July 11, 2000, the Honorable William W. Caldwell, United States District Court for the Middle District of Pennsylvania, entered an Order denying petitioner's request for a downward departure.  The Third Circuit affirmed on appeal.  <u>See</u> <u>United States v. Murphy</u>, No. 00-2276 (3d Cir. Oct. 4, 2001).

Shortly after Murphy sought to amend his petition in this case, he filed a motion under Fed.R.Civ.P. 60(b), in the Middle District of Pennsylvania, attacking his conviction and sentence under Apprendi and Booker.  Judge Caldwell denied the motion on April 7, 2005.  Murphy sought reconsideration, which the court also denied.  See United States v. Murphy, No. CRIM. 1:CR-96-149, 2005 WL 2314135 (M.D.Pa. Sept. 22, 2005).

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers

v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Claims Challenging Murphy's Enhanced Sentence

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

6

>Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

>An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

7

>motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536 (3d Cir. 2002); <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.

In <u>In re Dorsainvil</u>, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim based on a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3] The Third Circuit

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in <u>Bailey v. United</u>

first determined that Dorsainvil could not raise the <u>Bailey</u> claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.[4]  However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [<u>Davis v. United States</u>, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is

---

<u>States</u>, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in <u>Bailey</u> applied retroactively under § 2255 to convictions that were final.  <u>See</u> " <u>Bousley v. United States</u>, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  <u>Id.</u> at 620 (1998) (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255, ¶ 8.

> the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

Dorsainvil at 251.[5]

---

[5] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted

Turning to the case at bar, it is clear that the grounds for habeas relief raised by Murphy in his amended petition are within the scope of claims that are cognizable under § 2255. Therefore, § 2255 prohibits this Court from entertaining Murphy's claims under § 2241 unless § 2255 is inadequate or ineffective for him to raise them.

Murphy contends that § 2241 is applicable to seek relief from his enhanced sentence based on recently decided, relevant Supreme Court cases, namely, Blakely, Booker, and Apprendi. In his amended petition, however, Murphy conveniently omits that he had raised an Apprendi claim in an earlier motion.

In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court

---

is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2d Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

reversed Apprendi's sentence pursuant to the principle of Jones, 526 U.S. at 243 n.6, which the Court applied to New Jersey law through the Due Process Clause of the Fourteenth Amendment.  The principle is that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6). Recently, in Booker, the Supreme Court, determined that, for reasons explained in Jones, Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely, application of the Federal Sentencing Guidelines to the defendants violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.[6]

---

[6] The Booker Court traced the evolution of its holding from Apprendi and its progeny Ring v. Arizona, 536 U.S. 584 (2002), and Blakely.  In Ring, the Court held that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In Blakely, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 124 S.Ct. at 2537 (emphasis in original).

It is apparent that Apprendi, Blakely and Booker are changes of law that were announced after Murphy's conviction and sentencing in 1997.  However, Murphy cannot raise his Apprendi, Blakely, and Booker claims in a successive § 2255 motion because Apprendi and its progeny have not been made retroactive to cases on collateral review by the Supreme Court.  See Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001); see also Carmona v. United States, 390 F.3d 200 (2nd Cir. 2004) (Blakely claim cannot be raised in a second or successive § 2255 motion because the Supreme Court has not made it retroactive to cases on collateral review); Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (same); Cuevas v. DeRosa, 386 F.3d 367 (1st Cir. 2004) (same).  However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Murphy to raise his Apprendi, Blakely, and Booker claims.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Murphy to raise an Apprendi claim, even where he had no earlier opportunity to raise the claim because Apprendi was not decided until after his  §

13

2255 motion was decided.[7]  See Okereke, supra.  As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi claim, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a Blakely or Booker claim.  See King v. Jeter, 2005 WL 195446 (N.D. Tex. Jan. 27, 2005) (court has no jurisdiction to entertain Booker claim under § 2241 because § 2255 is not inadequate or ineffective); Krilich v. Winn, 2004 WL 2931265 (D. Mass. Dec. 20, 2004) (no jurisdiction to entertain Blakely claim under § 2241).  Like Apprendi, both Blakely and Booker deal with sentencing and does not decriminalize the conduct for which Murphy was convicted.  Accordingly, this Court lacks jurisdiction to entertain Murphy's

---

[7] This Court notes that Murphy did raise an Apprendi claim in his motion before the sentencing court in 2000, seeking a downward departure or sentencing adjustment.  The district court denied the motion and the Third Circuit affirmed.

Apprendi, Blakely, and Booker claims under § 2241. Okereke, 307 F.3d at 120-21.

Even if this Court had jurisdiction to entertain Murphy's claims, he could not prevail because the Apprendi line of cases does not apply retroactively to cases already final on direct review. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004) (because Ring is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[8]; United States v. Jenkins, 333 F.3d 151, 154 (3d Cir.)(Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt"), cert. denied, 540 U.S. 932 (2003). See also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Summerlin "has strongly implied that Blakely is not to be applied retroactively"). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi. See Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.).

---

[8] The Supreme Court reasoned that, because Ring "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review. Schriro, 124 S.Ct. at 2523.

15

Moreover, the Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), petition for cert. filed (Aug. 5, 2005) (No. 05-5769).

Therefore, because § 2255 is not inadequate or ineffective for Murphy's claims on his amended petition, this Court lacks jurisdiction to entertain them under § 2241 and must dismiss the Petition.[9]

Nevertheless, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Murphy fails to present any circumstances that would entitle him in the interest of justice to a transfer of this petition to the United States Court

---

[9] Although this Court is reclassifying this petition as a § 2255 motion, no Miller notice is necessary to afford Murphy an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 motion. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file successive § 2255 motions without certification by the Court of Appeals. Because Murphy has already filed at least one § 2255 motion, no purpose would be served by serving a Miller notice to him now.

16

of Appeals for the Third Circuit for certification of his second or successive § 2255 motion.  See 28 U.S.C. § 2255 ¶ 8. Moreover, it appears that it would be futile to transfer this matter to the Third Circuit since it has already determined that Apprendi and Booker claims cannot be raised in a second or successive § 2255 motion because the Supreme Court has not made it retroactive to cases on collateral review.  Therefore, the Court will dismiss the amended petition for lack of jurisdiction.

C.   Claims Challenging Murphy's PSF and Custody Classification

In his initial petition, Murphy challenges his PSF and custody classification.  The matter was designated as a § 2241 petition when filed; however, Murphy seeks both habeas relief and injunctive relief with damages.  Principally, Murphy contends that the BOP's reliance on an allegedly inaccurate pre-sentence investigation report ("PSR") violates the Privacy Act, 5 U.S.C. § 552a(e)(5).  He further argues that his PSF as designated by the BOP affects his custody classification, prison designation and participation in prison programs.

This Court finds no violation of the Privacy Act here, as alleged by Murphy.  The information contained in Murphy's PSR is accurately based on the court's findings with respect to sentencing.  As discussed earlier in this Opinion, the Third Circuit has affirmed the sentencing court's enhanced sentence as

17

imposed. Further, there has been no ruling that the factual basis for the enhanced sentence was erroneous.

Moreover, as a general rule, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification. See Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005)(the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment").

Further, the placement of prisoners within the federal prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Id., 427 U.S.

at 225.  See also Walker v. Hughes, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges."); Sesler v. Pitzer, 926 F. Supp. 130 (D. Minn. 1996)(Congress has given the BOP broad power of discretion in the area of sentence reductions in connection with drug rehabilitation programs), aff'd, 110 F.3d 569 (8th Cir.), cert. denied, 522 U.S. 877 (1997).

   Therefore, because the BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP, see 18 U.S.C. § 4081; 28 C.F.R. § 0.96, Murphy has no legitimate constitutional basis to attack his classification level unless he can show that the BOP's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(a); Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).  The BOP's decision was based on the PSR, which accurately reports the sentencing criteria followed by the sentencing court.  There has been no showing that the sentencing court's determination was

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."

Accordingly, the Court concludes that Murphy's initial petition or complaint fails to show a federal constitutional violation because the BOP has "full discretion" to determine his security classification, PSF, job placement, prison assignments and program participation based on the PSR as accurately reported.  Murphy has not demonstrated a statutorily or constitutionally impermissible basis for the BOP's PSF and security classification designation.  Therefore, having failed to show any federal statutory or constitutional violation that would entitle Murphy to relief, this action will be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court dismisses the petition and amended petition for failure to state a cognizable federal claim, and for lack of subject matter jurisdiction.  An appropriate Order follows.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 3, 2005